UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
LUREEN McNEIL,

                              Plaintiff,

-against-

NEW YORK STATE OFFICE OF SUBSTANCE
ALCOHOLISM & SUBSTANCE ABUSE
SERVICES, et. al,

                              Defendants.

---------------------------------------------------------- x

**REPORT AND RECOMMENDATION**
14-CV-2379 (NGG) (CLP)

POLLAK, United States Magistrate Judge:

On April 11, 2014, plaintiff Lureen McNeil, proceeding pro se, commenced this action against defendants New York State Office of Alcoholism and Substance Abuse Services ("OASAS"), Commissioner Arlene Gonzalez-Sanchez, individually and in her official capacity, and former Commissioner Karen Carpenter-Palumbo, individually and in her official capacity (collectively, "defendants"), alleging that defendants discriminated against plaintiff on the basis of her race, in violation of Title VII of the Civil Rights Act of 1964.

Currently before the Court on referral from the district court is defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). For the reasons stated below, the undersigned respectfully recommends that defendants' Motion to Dismiss be granted if plaintiff does not serve defendants properly in thirty days.

<h2 style="text-align:center">BACKGROUND</h2>

Plaintiff, proceeding pro se, filed a complaint pursuant to Title VII of the Civil Rights Act of 1964, naming her former employer, OASAS, as well as OASAS's current commissioner,

1

Arlene Gonzalez-Sanchez, and former commissioner, Karen Carpenter-Palumbo, as defendants. (Am. Compl.[1] ¶¶ 3, 17, 22, 23; Defs.' Mem.[2] at 1-2). Plaintiff states that she is a Black American woman who has been employed at OASAS for nearly 25 years. (Am. Compl. ¶ 2). Plaintiff alleges that she was subject to discriminatory treatment and was demoted due to her race while she was employed at OASAS. (Am. Compl. ¶ 3).

On April 14, 2014, the Clerk of Court issued summonses to each defendant. (Defs.' Mem. at 2). Thereafter, on April 21, 2014, having received no proof of service, the undersigned Ordered plaintiff to serve the summons and complaint on defendants by August 11, 2014, or to show good cause why service had not been effected. The Court warned plaintiff that if she failed to comply with the Court's Order, the Court would recommend that this action be dismissed without prejudice.

On August 1, 2014, Ms. McNeil requested an extension of time to serve the defendants with process. Instead of serving the original Complaint, plaintiff filed an Amended Complaint on August 4, 2014, and on August 21, 2014, the Court granted plaintiff's request for an extension of time, Ordering plaintiff to serve defendants by October 10, 2014.

On October 27, 2014, having received no proof of service or other communication from plaintiff, the undersigned Ordered the parties to provide a status letter to the Court by November 28, 2014. On November 25, 2014, defendants submitted a status letter asserting that OASAS and Gonzalez-Sanchez had not been properly served, and that Carpenter-Palumbo had not been served at all. Defendants sought to file a pre-answer Motion to Dismiss pursuant to Federal Rule

---

[1] Citations to "Am. Compl." refer to plaintiff's Amended Complaint, filed on August 8, 2014.

[2] Citations to "Defs.' Mem." refer to defendants' Memorandum of Law in Support of Their Motion to Dismiss, filed February 26, 2015.

2

of Civil Procedure 12(b)(5), on the grounds that they had not been properly served. (Defs.' 11/25/14 Ltr.[3] at 1-2). The same day, the Court received a letter from Ms. McNeil asserting that she had, in fact, served the defendants. (Pl.'s 11/25/14 Ltr.[4] at 1).

On December 1, 2014, the Court received an additional letter from Ms. McNeil stating that she had attempted to serve Gonzalez-Sanchez by hand delivery to the mail room at the OASAS offices located at 1450 Western Avenue, Albany, NY, and that the package was signed for. (Pl.'s 12/1/14 Ltr.[5] at 1). She stated further that she attempted to serve Ms. Carpenter-Palumbo at her place of employment located at Vanderheyden Hall, 614 Cooper Hall Road, Wynantskill, NY, by leaving a package with the security guard there. (Id.)

On December 8, 2014, defendants filed a letter seeking leave to file a pre-answer Motion to Dismiss on the grounds that defendants Gonzalez-Sanchez and Carpenter-Palumbo had not been properly served, and that defendant OASAS had not been served at all. On February 6, 2015, the Honorable Nicholas G. Garaufis referred defendants' request for a pre-motion conference to the undersigned for decision, and, in the event that the undersigned granted defendants leave to file their motion, referred the motion to the undersigned to issue a Report and Recommendation.

Thereafter, on February 10, 2015, the undersigned granted defendants leave to file a Motion to Dismiss and set a briefing schedule. Defendants filed their Motion to Dismiss on February 26, 2014. On March 23, 2015, defendants filed a Reply in support of their motion,

---

[3]Citations to "Defs.' 11/25/14 Ltr." refer to defendants' letter filed November 25, 2014.

[4]Cititations to "Pl.'s 11/25/14 Ltr." refer to plaintiff's letter filed November 25, 2014.

[5]Citations to "Pl.'s 12/1/14 Ltr." refer to plaintiff's letter filed December 1, 2014.

3

apparently after receiving plaintiff's response, which had not yet been filed with the Court. Thereafter, on March 24, 2015, the Court received plaintiff's response to defendants' motion.

DISCUSSION

I. Legal Standard

Defendants move to dismiss plaintiff's Amended Complaint for insufficient service of process, pursuant to Federal Rule of Civil Procedure 12(b)(5). (Defs.' Mem at 1). "Rule 12(b)(5) authorizes dismissal of a complaint for insufficient service of process upon motion by a defendant made prior to the defendant's filing an answer." See Jordan v. Forfeiture Support Assocs., 928 F. Supp. 2d 588, 594 (E.D.N.Y. 2013) (quoting Forte v. Lutheran Augustana Extended Care & Rehab. Ctr., No. 09 CV 2358, 2009 WL 4722325, at *2 (E.D.N.Y. Dec. 9, 2009)).

As the Supreme Court noted in Henderson v. United States, "the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." 517 U.S. 654, 672 (1996). To this end, in order to be valid, service must be "reasonably calculated to provide actual notice of the action." National Dev. Co. v. Triad Holding Corp., 930 F.2d 253, 258 (2d Cir. 1991), cert. denied, 502 U.S. 968 (1991). "[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." Dickerson v. Napolitano, 604 F.3d 732, 752 (2d Cir. 2010) (quoting Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005)).

Service of process in federal actions is governed by Rule 4 of the Federal Rules of Civil

4

Procedure, which states, in relevant part:

> [a]n individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). If a defendant who has not waived formal service does not receive service in compliance with Rule 4 of the Federal Rules of Civil Procedure, then the Court lacks personal jurisdiction over the defendant. See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 59 (2d Cir. 2012) (explaining that in order for a Court to exercise jurisdiction over a defendant, "service of process on the defendant must have been procedurally proper"); Martin v. New York State Dep't of Mental Hygeine, 588 F.2d 371, 373 (2d Cir. 1978). "Neither actual notice, nor simply naming the person in the caption of the complaint will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." Ogunbayo v. Montego Medical Consulting P.C., No. 11 CV 4047, 2012 WL 6621280, at *2 (E.D.N.Y. Sept. 18, 2012), report and recommendation adopted as modified on other grounds, 2012 WL 6625921 (E.D.N.Y. Dec. 19, 2012) (quoting Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982) (citations omitted)).

Under New York law, service of process may be made pursuant to New York C.P.L.R. § 308,

> by delivering the summons within the state to 1) "the person to be served;" 2) "a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the

> person to be served and by either mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential . . .'" or 3) "to the agent for service of the person to be served as designated under Rule 318 . . ."

N.Y.C.P.L.R. § 308(1)-(3). New York C.P.L.R § 318 states, in turn, that "[a] person may be designated as an agent for service in a writing, executed and acknowledged by the principal in the same manner as a deed, with the consent of the agent endorsed thereon." N.Y.C.P.L.R. § 318.

For a state agency, such as OASAS, service of process is governed by Rule 4(j) of the Federal Rules for Civil Procedure, which states:

> [a] state, municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). The relevant New York State law provides:

> [p]ersonal service on a . . . state agency, which shall be required to obtain personal jurisdiction over such an . . . agency, shall be made by (1) delivering the summons to . . . the chief executive officer of such agency or to a person designated by such chief executive officer to receive service, or (2) by mailing the summons by certified mail, return receipt requested, to . . . the chief executive officer of such agency, and by personal service upon the state in the manner provided by subdivision one of this section.

N.Y.C.P.L.R. § 307(2). Subdivision one of Section 307 states that "[p]ersonal service upon the state shall be made by delivering the summons to an assistant attorney-general at an office of the attorney-general or to the attorney-general within the state." N.Y.C.P.L.R. § 307(1).

## ANALYSIS

I. Service Upon the Individual Defendants

    A. Federal Rules

Defendants assert that plaintiff failed to serve individual defendants Karen Carpenter-Palumbo and Arlene Gonzalez-Sanchez correctly pursuant to Federal Rules of Civil Procedure 4 and 12. (Defs.' Mem. at 1, 5-6). Rule 4(e)(2) states that a plaintiff may serve an individual either directly or by leaving a copy at the person's dwelling or abode with someone of suitable age and discretion. According to plaintiff's own submissions, plaintiff's process server delivered the summons for Ms. Gonzalez-Sanchez to Beverly Wickham, an employee in the OASAS mailroom, and the summons for Ms. Carpenter-Palumbo was delivered to Jeff Weir, a security guard at her place of employment. (Pl.'s 12/1/14 Ltr.). Thus, plaintiff does not claim to have served either individual defendant personally or by mail at their dwelling or residence, but rather appears to have attempted service at their places of employment. Thus, it is clear that plaintiff did not satisfy the requirements of service pursuant to Rule 4(e)(2) as to either defendant.

    B. New York C.P.L.R.

Defendants also assert that plaintiff did not properly serve the individual defendants correctly pursuant to N.Y.C.P.L.R. § 307. Section 307 is more flexible than the Federal Rule, in that it allows service of an individual by delivering a copy of the summons and complaint to a person of suitable age and discretion at the individual's place of business, so long as the plaintiff also mails a copy of the summons and complaint to the individual at that address. N.Y.C.P.L.R. § 308 (1)-(3).

7

Although defendants concede that plaintiff served a person of appropriate age and discretion for both Ms. Gonzalez-Sanchez and Ms. Carpenter-Palumbo at their places of business, plaintiff failed to satisfy the second prong of Section 308 because she failed to mail a copy of the summons and complaint to the individual defendants at that address. (Defs.' Reply Mem.[6] at 2). Even plaintiff does not contend that she mailed copies to the individual defendants. (Id.; Pl.'s 3/24/15 Ltr.[7] at 1, 3-4). Thus, plaintiff has failed to demonstrate that the individual defendants have been properly served.

II. OASAS

Defendants also assert that plaintiff failed to serve OASAS in a proper manner pursuant to Rules 4 and 12 of the Federal Rules of Civil Procedure. (Defs.' Mem. at 1, 6-7). Plaintiff's submissions do not describe any attempts to serve OASAS itself. (See generally Pl.'s 12/01/14 Ltr.). Thus, plaintiff has failed to carry her burden of demonstrating that OASAS was properly served.

## CONCLUSION

Since none of the defendants have been properly served in this case, Rule 12(b)(5) authorizes the court to dismiss the action for insufficient service. Fed. R. Civ. P. 12(b)(5). However, some cases have held that "[i]f the court determines that [service] was insufficient, the court may, but is not required to, dismiss the action. Alternatively, the court may grant leave to

---

[6]Citations to "Defs.' Reply Mem." refer to Defendants' Reply Memorandum of Law in Further Support of Their Motion to Dismiss filed on March 23, 2015.

[7]Citations to "Pl.'s 3/24/15 Ltr." refer to the Letter and attached Affidavit filed by the Plaintiff in Opposition to Defendants' Motion to Dismiss filed on March 24, 2015.

allow the plaintiff to cure the insufficiency." Nolan v. Cuomo, No. 11 CV 5827, 2013 WL 168674, at *7 (E.D.N.Y. Jan. 16, 2013) (quoting Sajimi v. City of New York No. 07 CV 3252, 2011 WL 135004, at *3 (E.D.N.Y. Jan. 13, 2011)) (internal quotations omitted).

Given that plaintiff is proceeding pro se, the Court respectfully recommends that plaintiff be afforded an additional thirty (30) days to effect service on defendants in accordance with the rules. If, within 30 days, plaintiff fails to file the appropriate affidavit demonstrating service in the manner outlined herein, the Court respectfully recommends that the case be dismissed.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b); Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**
Dated: Brooklyn, New York
August 14, 2015

/s/ Cheryl L. Pollak

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

allow the plaintiff to cure the insufficiency." Nolan v. Cuomo, No. 11 CV 5827, 2013 WL 168674, at *7 (E.D.N.Y. Jan. 16, 2013) (quoting Sajimi v. City of New York No. 07 CV 3252, 2011 WL 135004, at *3 (E.D.N.Y. Jan. 13, 2011)) (internal quotations omitted).

Given that plaintiff is proceeding pro se, the Court respectfully recommends that plaintiff be afforded an additional thirty (30) days to effect service on defendants in accordance with the rules. If, within 30 days, plaintiff fails to file the appropriate affidavit demonstrating service in the manner outlined herein, the Court respectfully recommends that the case be dismissed.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b); Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**
Dated: Brooklyn, New York
August 14, 2015

/s/ Cheryl L. Pollak

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York