```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
```
LUREEN McNEIL,

       Plaintiff,         **MEMORANDUM & ORDER**

    -against-             **14-CV-2379 (NGG) (CLP)**

NEW YORK STATE OFFICE OF
ALCOHOLISM & SUBSTANCE ABUSE
SERVICES, ARLENE GONZALEZ-SANCHEZ,
individually and in her official capacity as the
Commissioner of the New York State Office of
Alcoholism & Substance Abuse Services; and
KAREN CARPENTER-PALUMBO,
Individually and in her official capacity as
FORMER Commissioner of the New York State
Office of Alcoholism & Substance Abuse
Services,

       Defendants.
```
------------------------------------------------------------------X
```
NICHOLAS G. GARAUFIS, United States District Judge.

  On April 11, 2014, Plaintiff Lureen McNeil, proceeding pro se, commenced this action against Defendants New York State Office of Alcoholism and Substance Abuse Services ("OASAS"), Commissioner Arlene Gonzalez-Sanchez, individually and in her official capacity, and former Commissioner Karen Carpenter-Palumbo, individually and in her official capacity (collectively, "Defendants"), alleging that Defendants discriminated against Plaintiff on the basis of her race, in violation of Title VII of the Civil Rights Act of 1964. (See Am. Compl. (Dkt. 6).)

  Since Plaintiff filed her Complaint, the parties have disputed whether Defendants have been properly served. (See Report and Recommendation ("R&R") (Dkt. 29) at 2-3.) On December 8, 2014, Defendants filed a letter seeking leave to file a pre-answer Motion to Dismiss on the grounds that Defendants Gonzalez-Sanchez and Carpenter-Palumbo had not been properly

1

served, and that Defendant OASAS had not been served at all. (Defs.' Dec. 8, 2014, Ltr. (Dkt. 16).) On February 6, 2015, the undersigned referred Defendants' request for a pre-motion conference to Magistrate Judge Cheryl L. Pollak for decision, pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). (See Feb. 6, 2015, Order (Dkt. 17).) In the event that Judge Pollak granted Defendants leave to file their motion, the same Order referred Defendants' anticipated motion to Judge Pollak for an R&R pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b)(1). (Id.)

On February 10, 2015, Judge Pollak granted Defendants leave to file a Motion to Dismiss and set a briefing schedule. (Order (Dkt. 18).) Defendants filed their Motion to Dismiss on February 26, 2015. (Mot. to Dismiss (Dkt. 19).)

On August 14, 2015, Judge Pollak issued an R&R finding that none of the Defendants had been properly served, but recommending that Plaintiff be afforded an additional thirty days to effect service on Defendants in accordance with Federal Rules of Civil Procedure. (R&R (Dkt. 29) at 9.) Judge Pollak further recommended that the case be dismissed in the event that Plaintiff failed to file the appropriate affidavit demonstrating proper service within thirty days. (Id.)

On September 16, 2015, the court received a letter from Defendants in which they indicated that they would not be pursuing objections to the R&R, that they consented to accept service for all Defendants, and that Plaintiff had agreed to extend Defendants' time to answer or respond to the Complaint until November 5, 2015. (Defs.' Sept. 16, 2015, Ltr. (Dkt. 32).)

served, and that Defendant OASAS had not been served at all. (Defs.' Dec. 8, 2014, Ltr. (Dkt. 16).) On February 6, 2015, the undersigned referred Defendants' request for a pre-motion conference to Magistrate Judge Cheryl L. Pollak for decision, pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). (See Feb. 6, 2015, Order (Dkt. 17).) In the event that Judge Pollak granted Defendants leave to file their motion, the same Order referred Defendants' anticipated motion to Judge Pollak for an R&R pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b)(1). (Id.)

On February 10, 2015, Judge Pollak granted Defendants leave to file a Motion to Dismiss and set a briefing schedule. (Order (Dkt. 18).) Defendants filed their Motion to Dismiss on February 26, 2015. (Mot. to Dismiss (Dkt. 19).)

On August 14, 2015, Judge Pollak issued an R&R finding that none of the Defendants had been properly served, but recommending that Plaintiff be afforded an additional thirty days to effect service on Defendants in accordance with Federal Rules of Civil Procedure. (R&R (Dkt. 29) at 9.) Judge Pollak further recommended that the case be dismissed in the event that Plaintiff failed to file the appropriate affidavit demonstrating proper service within thirty days. (Id.)

On September 16, 2015, the court received a letter from Defendants in which they indicated that they would not be pursuing objections to the R&R, that they consented to accept service for all Defendants, and that Plaintiff had agreed to extend Defendants' time to answer or respond to the Complaint until November 5, 2015. (Defs.' Sept. 16, 2015, Ltr. (Dkt. 32).)

In light of Defendants' waiver of service, the court finds that Defendants' Motion to Dismiss is now moot. Defendants are directed to answer or respond to Plaintiff's Complaint by November 5, 2015.

SO ORDERED.

Dated: Brooklyn, New York
September 17, 2015

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge