UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

LUREEN MCNEIL,

                Plaintiff,

        -against-

NEW YORK STATE OFFICE OF SUBSTANCE
ALCOHOLISM AND SUBSTANCE ABUSE
SERVICES, et al.,

                Defendants.
-----------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**14-CV-2379 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

      On April 11, 2014, Plaintiff Lureen McNeil, proceeding pro se, commenced this action

against Defendants New York State Office of Alcoholism and Substance Abuse Services

("OASAS"), a state agency; Arlene Gonzalez-Sanchez, individually and in her official capacity

as Commissioner of OASAS; and Karen Carpenter-Palumbo, individually and in her official

capacity as the former Commissioner of OASAS (collectively "Defendants"), alleging that

Defendants discriminated against Plaintiff on the basis of her race in violation of Title VII of the

Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e, et seq. (See Compl. (Dkt. 1).) On

August 4, 2014, Plaintiff amended her Complaint (the "Amended Complaint"). (See First Am.

Compl. ("FAC") (Dkt. 6).) On March 7, 2016, Defendants moved to dismiss the Amended

Complaint pursuant to Federal Rule of Civil Procedure 12(c) (Defs.' Mot. to Dismiss ("Defs.'

Mot.") (Dkt. 52)).[1] Plaintiff opposed the motion (see Pl.'s Mem. in Opp'n ("Pl. Opp'n")

(Dkt. 56)) and separately moved to amend her complaint for a second time (Mot. to Amend

Compl. ("Pl. Mot.") (Dkt. 42)). Defendants opposed Plaintiff's Motion to Amend. (Defs.'

---

[1] Defendants answered the Amended Complaint on November 5, 2015. (Ans. (Dkt. 35).)

Reply in Supp. of Defs. Mot. & Opp'n to Pl.'s Mot. to Amend ("Defs. Reply & Opp'n")
(Dkt. 58).)

By Order dated November 16, 2016, the court referred Defendants' Motion to Dismiss
and Plaintiff's Motion to Amend to Magistrate Judge Cheryl L. Pollak for a Report and
Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil
Procedure 72(b)(1). (Order Referring R&R (Dkt. 69).) On March 9, 2017, Judge Pollak issued
an R&R, recommending that Defendants' Motion to Dismiss be granted in part and denied in
part and that Plaintiff's Motion to Amend be granted in part and denied in part. (R&R (Dkt. 74)
at 1-2.) Plaintiff filed a timely objection to the R&R, indicating that she wishes to add additional
factual allegations and a demand for injunctive relief to her proposed Second Amended
Complaint. (Resp. to R&R (Dkt. 75).)

For the following reasons, Plaintiff's objections are SUSTAINED IN PART and
OVERRULED IN PART and the R&R is ADOPTED IN PART. Defendants' Motion to Dismiss
the Amended Complaint is GRANTED IN PART and DENIED IN PART. Because Plaintiff has
advised the court of her intention to make further changes to her proposed Second Amended
Complaint, Plaintiff's Motion to Amend is DENIED WITHOUT PREJUDICE WITH LEAVE
TO REFILE. The court will not entertain repeated piecemeal amendments to Plaintiff's
Complaint. Accordingly, Plaintiff is afforded one last opportunity to revise her proposed
Complaint and move for leave to amend. If Plaintiff files a new motion to amend, Defendants
will have an opportunity to file a response and argue that any new proposed amendments are
futile.

## I.  BACKGROUND

### A.  Factual Background

Plaintiff is a "Black American woman who has been employed by [OASAS] for nearly 27 years." (Compl. ¶ 2.)  The court assumes familiarity with the facts of this case, as alleged in Plaintiff's proposed Second Amended Complaint (the "Proposed SAC") and as set forth in detail in Judge Pollak's R&R.  (See Proposed Second Am. Compl. ("SAC") (Dkt. 42-1); R&R at 2-9.)

### B.  Procedural History

On March 7, 2016, Defendants moved to dismiss the Amended Complaint, alleging that: (1) Plaintiff's Title VII claims are barred by the applicable statute of limitations; (2) Plaintiff cannot bring Title VII claims against Gonzalez-Sanchez and Carpenter-Palumbo because individuals cannot be sued under Title VII; and (3) although Plaintiff does not formally allege a cause of action under the New York State Human Rights Law (the "NYSHRL"), any such claims are barred by the Eleventh Amendment.[2] (Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs. Mem.") (Dkt. 53).)

Shortly before Defendants served their initial brief in support of their Motion to Dismiss the Amended Complaint, Plaintiff moved to amend the Complaint for a second time.  (See Defs.' Ltr. (Dkt. 43).)  Plaintiff has filed a proposed Second Amended Complaint, seeking to: (1) add new factual allegations; (2) name two additional defendants, Mary Ann DiChristopher, individually and in her official capacity as Associate Commissioner of OASAS, and Ramon Rodriguez, individually and in his official capacity as the former Director of New York City Operations of OASAS (together with Gonzalez-Sanchez and Carpenter-Palumbo, the "Individual

---

[2] Defendants argue in the preliminary statement to their Reply that the NYSHRL claims against Carpenter-Palumbo and Gonzalez-Sanchez are barred by the applicable statute of limitations. (See Defs. Reply & Opp'n at 1.)  But, as the R&R notes, Defendants do not further discuss the statute of limitations under the NYSHRL. (See R&R at 58 n.13.)  Because the R&R declines to address this issue and the Defendants have not objected to the R&R, the court likewise declines to consider that potential defense.

3

Defendants"); and (3) remove certain claims and add new causes of action. (See SAC.)

Plaintiff's Amended Complaint asserts Title VII claims against OASAS, Gonzalez-Sanchez, and Carpenter-Palumbo. (See generally FAC.) Plaintiff's Proposed SAC removes the Title VII claims against the Individual Defendants but seeks to add the following causes of action: (1) a claim for retaliation, in addition to discrimination, against OASAS, in violation of Title VII; (2) a claim for discrimination and retaliation against OASAS and the Individual Defendants in their official and personal capacities as aiders and abettors under the NYSHRL; (3) a claim of race discrimination and retaliation in violation of 42 U.S.C. § 1981 against OASAS and the Individual Defendants in their individual and official capacities; and (4) claims of equal protection and due process violations under 42 U.S.C. § 1983 against the Individual Defendants.[3] (SAC ¶¶ 148-170.)

In response to Plaintiff's Motion to Amend, Defendants argue that Plaintiff's new allegations are conclusory and fail to assert plausible claims under Title VII, NYSHRL, and Section 1983. (Defs. Reply & Opp'n at 9-12.) Defendants, therefore, maintain that Plaintiff's amendments are futile and leave to amend should be denied. (Id. at 12.)

By Order dated November 16, 2016, the court referred Defendants' Motion to Dismiss and Plaintiff's Motion to Amend to Magistrate Judge Cheryl L. Pollak for an R&R. (Order Referring R&R.) On March 9, 2017, Judge Pollak issued an R&R, recommending that Defendants' Motion to Dismiss the Amended Complaint be granted in part and denied in part and that Plaintiff's Motion to Amend be granted in part and denied in part. (R&R at 1-2.)

Plaintiff timely filed a response to the R&R, asking the court to confirm the R&R but noting that: (1) Plaintiff disagrees with the R&R's conclusion that Gonzalez-Sanchez "has not

---

[3] Judge Pollak also interpreted the Proposed SAC to include hostile work environment claims under Title VII and the NYSHRL. (See R&R at 36-43.)

been personally involved with the discrimination and retaliation" against Plaintiff and requests leave to add new allegations against Gonzalez-Sanchez to her Complaint; and (2) in addition to money damages, Plaintiff "ask[ed] the court to grant other relief that may be necessary and proper" and seeks leave to further amend her Complaint to request that the court require Defendants to "restore [her] to the position that [she] would have been in if [Defendants] had not discriminated and retaliated against [her]" and declare that "[D]efendants' treatment of [her] was unlawful." (Resp. to R&R at 1.) Defendants did not submit any objections to the R&R.

## II. LEGAL STANDARD

In reviewing an R&R regarding a dispositive matter from a magistrate judge, the district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); see Porter v. Potter, 219 F. App'x 112, 113 (2d Cir. 2007) (summary order) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the [R&R] has been filed, the district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks and citation omitted)). The district court must review de novo "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). However, to obtain this de novo review, an objecting party "must point out the specific portions of the [R&R] to which they object." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS) (WDW), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R&R] only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51

5

(E.D.N.Y. 2008) (citations omitted); see also Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766

(2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to

"constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)"). Furthermore, "[a]n objection

to [an R&R] in its entirety does not constitute a specific written objection within the meaning of

Rule 72(b)." Healing Power, Inc. v. Ace Cont'l Exports, Ltd., No. 07-CV-4175 (NGG)

(RLM), 2008 WL 4693246, at *1 (E.D.N.Y. Oct. 17, 2008). "A decision is 'clearly erroneous'

when the Court is, 'upon review of the entire record, left with the definite and firm conviction

that a mistake has been committed.'" DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339-40

(S.D.N.Y. 2009) (quoting United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006)).

## III.   DISCUSSION

### A. Plaintiff's Motion Seeking Leave to Amend to Add New Factual Allegations

Judge Pollak recommends that Plaintiff be granted leave to add factual allegations to her

Complaint. (R&R at 13.) No party has objected to this portion of the R&R, and the time to do

so has passed. See Fed. R. Civ. P. 72(b)(2). Finding no clear error, the court adopts this portion

of the R&R. See Porter, 219 F. App'x at 113.

**Should Plaintiff choose to file a new proposed SAC, she is free to add any new**

**factual allegations that she wishes.[4]**

### B. Judge Pollak's Recommendations Concerning Defendants' Motion To Dismiss The Amended Complaint & Plaintiff's Other Proposed Amendments

Because Plaintiff's Proposed SAC "continues to assert claims that may be subject to

dismissal for the same reasons that the claims in the Amended Complaint were subject to

---

[4] As a general matter, Judge Pollak recommends that this court find that further amendment of Plaintiff's Complaint will not cause undue prejudice or delay. (R&R at 13-16.) The court agrees with Judge Pollak's recommendation but nonetheless denies Plaintiff's Motion to Amend without prejudice. The court finds that Plaintiff should be afforded another opportunity to revise and submit a consolidated proposed Second Amended Complaint so that the parties can avoid further piecemeal amendments.

challenge," Judge Pollak first addresses the Defendants' Motion to Dismiss "insofar as the arguments raised are relevant to whether [P]laintiff's amendments would be futile and subject to dismissal." (R&R at 17.) In doing so, she analyzes the viability of Plaintiff's claims in three steps: (1) she examines whether Plaintiff's claims are barred by the Eleventh Amendment; (2) for those claims that are not barred by the Eleventh Amendment, she analyzes whether Plaintiff's factual allegations state a plausible claim to relief as to each cause of action; and (3) she examines whether Plaintiff's Title VII claims are barred by the statute of limitations. This Memorandum & Order is organized in the same manner.

### 1. Eleventh Amendment Immunity

Judge Pollak's recommendations concerning the application of Eleventh Amendment immunity rest on the assumption that Defendant is only seeking monetary relief in this action. (See generally R&R.) In her response to the R&R, Plaintiff appears to disagree with this interpretation of the Proposed SAC, however. (See Ltr.-Resp. to R&R at 1.)

> My complaint asks the court to grant other relief that may be necessary and proper. That could include requiring defendants to restore me to the position that I would have been in [absent unlawful discrimination] . . . I would like the chance to add this to my complaint.

(Id.). Upon review of Plaintiff's Proposed SAC, the court finds that Judge Pollak's determination that the SAC alleges only a demand for monetary relief is sound. A catch-all request for "such other and further relief as this Court deems necessary and proper" (SAC at 33) does not constitute a demand for injunctive relief. The court will therefore analyze the R&R consistent with this reading of the SAC.

Moreover, Plaintiff's belated request to modify her Complaint to seek injunctive relief is not a proper "objection" to the R&R. Cf. Rivera v. Federlin, No. 08-CV-7293 (PAC), 2011 WL 6014012, at *3 (S.D.N.Y. Dec. 2, 2011) (finding that "new factual allegation[s]" raised for the

first time in an objection are not valid "objection[s]" and "will not be considered by the Court");

Forman v. Artuz, 211 F. Supp. 2d 415, 418–19 n. 8 (S.D.N.Y. 2000) (stating that "factual

assertions" may not be "properly raised" for the first time in an objection). Because Plaintiff

does not assert a valid objection, the court review this portion of the R&R for clear error.

    a.  Claims Barred by the Eleventh Amendment

Judge Pollak recommends that this court find that the following claims are barred by the

Eleventh Amendment and therefore leave to amend to add these claims should be denied as

futile: (1) Plaintiff's proposed NYSHRL claims against OASAS and the Individual Defendants

in their official capacities; (2) Plaintiff's proposed Section 1981 claims against OASAS and the

Individual Defendants in their official capacities; and (3) Plaintiff's proposed Section 1983

claims against the Individual Defendants in their official capacities. (R&R at 29-30.) Finding no

clear error, the court adopts this portion of the R&R.

It is well-established that under the Eleventh Amendment, state agencies, like OASAS,

and state agents sued in their official capacity are, as a general rule, immune from suits brought

by private parties in federal court. See Woods v. Rondout Valley Central Sch. Dist. Bd. of

Educ., 466 F.3d 232, 236 (2d Cir. 2006). While there are certain exceptions to this rule,[5] private

parties are prohibited under the Eleventh Amendment from bringing the following claims against

state agencies and/or state agents in their official capacities: (1) claims under the NYSHRL, see

Baez v. New York, 629 F. App'x 116, 118 (2d Cir. 2015) (summary order); Goonewardena v.

N.Y. State Workers' Comp. Bd., No. 09-CV-8244 (LTS) (HBP), 2011 WL 4822553, at *4

(S.D.N.Y. Oct. 5, 2011); (2) Section 1981 claims, see Wang v. Office of Prof'l Med. Conduct,

N.Y., 354 F. App'x 459, 460 (2d Cir. 2009) (summary order); Sulehria v. New York,

---

[5] Private plaintiffs may bring Title VII claims against state agencies and state agents. See Fitzpatrick v. Bitzer,
427 U.S. 445, 457 (1976); Davis v. State Univ. of N.Y., 802 F.2d 638, 640 n.1 (2d Cir. 1986).

No. 13-CV-6990 (AGN), 2014 WL 4716084, at *4 (S.D.N.Y. Sept. 19, 2014); Buckley v. New

York, 959 F. Supp. 2d 282, 294 (E.D.N.Y. 2013); and (3) Section 1983 claims seeking monetary

relief or non-prospective injunctive relief, see Edelman v. Jordan, 415 U.S. 651, 677 (1974);

Braithwaite v. Kingsboro Psychiatric Ctr., No. 07-CV-127 (NGG), 2010 WL 3398962, at *2

(E.D.N.Y. Aug. 26, 2010).

Accordingly, if Plaintiff seeks leave to add any of the following claims to her

Amended Complaint, leave to amend would be denied as futile insofar as Plaintiff seeks

exclusively monetary relief:

- **NYSHRL claims against OASAS;[6]**

- **NYSHRL claims against the Individual Defendants in their official capacities;**

- **Section 1981 claims against OASAS;**

- **Section 1981 claims against Individual Defendants in their official capacities; and**

- **Section 1983 claims against the Individual Defendants in their official capacities.**

Because the issue was not briefed by the parties or at issue in the R&R, the court declines

to decide whether leave to amend to add any of these claims would be granted if Plaintiff

adds a demand for injunctive relief to her Amended Complaint. If Plaintiff files a new

proposed SAC with a demand for injunctive relief, Defendants may address this question

in their response to the new motion to amend.

---

[6] Plaintiff noted in her opposition to Defendants' Motion to Dismiss that she "does not dispute the dismissal of her claim against . . . OASAS under the NYS[]HRL." (Pl. Opp'n at 12 n.3.)

9

### b. Claims Which Are Not Barred By The Eleventh Amendment

#### i. *Title VII Claims Against OASAS; NYSHRL and Section 1983 Claims Against the Individual Defendants in Their Personal Capacities*

Judge Pollak recommends that the court find that the following claims are not barred by Eleventh Amendment immunity: (1) Plaintiff's Title VII claim against OASAS;[7] and (2) Plaintiff's NYSHRL and Section 1983 claims against the Individual Defendants in their individual capacities. (R&R at 30.) No party has objected to this portion of the R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). Finding no clear error, the court adopts this portion of the R&R.

As noted earlier in this Memorandum & Order, private plaintiffs may bring Title VII claims against state agencies, like OASAS. See Fitzpatrick v. Bitzer, 427 U.S. 445, 457 (1976); Davis v. State Univ. of N.Y., 802 F.2d 638, 640 n.1 (2d Cir. 1986). Moreover, Plaintiff's NYSHRL and Section 1983 claims against the Individual Defendants in their individual capacities are not barred because "[t]he Eleventh Amendment . . . provides no immunity for state officials sued in their personal capacities." Dube v. State Univ. of N.Y., 900 F.2d 587, 595 (2d Cir. 1990) (emphasis added).

**Accordingly, Plaintiff may properly bring her Title VII claim against OASAS. Furthermore, should Plaintiff seek leave to further amend her Complaint to add claims**

---

[7] Defendants argue in their Motion to Dismiss that Plaintiff cannot bring Title VII claims against Gonzalez-Sanchez and Carpenter-Palumbo because individuals cannot be sued under Title VII. Plaintiff notes in her opposition to Defendants' Motion that she "does not dispute the dismissal of her claims against the [I]ndividual [D]efendants under Title VII." (Pl. Opp'n at 12 n.3.) Judge Pollak recommends, therefore, that this court find that Defendants' argument in favor of dismissal is moot. (R&R at 24.) She further recommends that "[t]o the extent that [P]laintiff's Amended Complaint attempted to bring Title VII claims against the individual defendant Commissioners in either their official or personal capacities, all of those claims are subject to dismissal." (Id. at 24 n.6.) No party has objected to this portion of the R&R, and the time to do so has passed. Finding no clear error, the court adopts this portion of the R&R. It is settled law that "individuals are not subject to liability under Title VII." Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam). Accordingly, while it appears Plaintiff has withdrawn these claims, Defendants' Motion to Dismiss is granted insofar as Plaintiff still seeks to bring Title VII claims against Gonzalez-Sanchez and Carpenter-Palumbo.

against the Individual Defendants in their individual capacities under the NYSHRL and Section 1983, leave to amend would not be denied as futile on Eleventh Amendment grounds.

> ii. *Section 1981 Claims Against The Individual Defendants In Their Personal Capacities*

Judge Pollak further recommends that Plaintiff's motion for leave to amend to add Section 1981 claims against the Individual Defendants in their personal capacities be denied as futile. (R&R at 27-28.) Judge Pollak explains that, pursuant to Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701 (1989), race discrimination claims against state agencies or officials should be brought under Section 1983, rather than Section 1981.[8] (R&R at 27.) No party has objected to this portion of the R&R, and the time to do so has passed. The court therefore reviews this recommendation for clear error and, finding none, adopts this portion of the R&R.

**Accordingly, if Plaintiff seeks leave to amend her Amended Complaint to add Section 1981 claims against the Individual Defendants in their <u>personal capacities</u>, leave to amend would be denied as futile.**

## 2. <u>Failure to State a Claim</u>

Having determined that Plaintiff's Title VII claim against OASAS, NYSHRL claims against the Individual Defendants in their personal capacities, and Section 1983 claims against the Individual Defendants in their personal capacities are legally cognizable, Judge Pollak next analyzes whether Plaintiff's Proposed SAC "contains enough facts to state a claim to relief that

---

[8] The Supreme Court held in Jett that the "express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." 491 U.S. at 733. Whether Jett was statutorily overruled by the 1991 amendment to subsection (c) of Section 1981(c), is an unsettled question of law, which the Second Circuit has declined to address. See Howard v. City of N.Y., 602 F. App'x 545, 546 n.1 (2d Cir. 2015) (summary order). In the absence of a precedential holding regarding Jett's continuing validity, it is proper for this court to follow Jett's holding. See, e.g., Goodwine v. City of N.Y., No. 15-CV-2868 (JMF), 2016 WL 3017398, at *4 (S.D.N.Y. May 23, 2016).

is plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted).

### a. Title VII Claim Against OASAS

Judge Pollak recommends that this court find that Plaintiff's Proposed SAC contains factual allegations, which, if taken as true, state a prima facie case of discrimination on the basis of race as well as plausible hostile work environment and retaliation claims under Title VII. (See R&R at 33-33, 42-43, 45-46.) No party has objected to this portion of the R&R, and the time to do so has passed. Finding no clear error, the court adopts this portion of the R&R.

**Accordingly, if Plaintiff seeks leave to further amend her Complaint, it would be proper for Plaintiff to include her Title VII claim against OASAS.**

### b. NYSHRL Claims Against The Individual Defendants In Their Personal Capacities

#### i. *NYSHRL Claims Against DiChristopher and Rodriguez*

Judge Pollak recommends that this court find that Plaintiff's factual allegations in the Proposed SAC, if taken as true, state plausible claims against DiChristopher and Rodriguez under the NYSHRL with respect to: (1) aiding and abetting discrimination (R&R at 35); (2) creating a hostile work environment (R&R at 40-41); and (3) retaliating against Plaintiff after she engaged in protected behavior (R&R at 46-47). No party has objected to these portions of the R&R and, finding no clear error, the court adopts these portions of the R&R.

**Accordingly, if Plaintiff seeks leave to further amend her Complaint to add NYSHRL claims against DiChristopher and Rodriguez in their personal capacities and includes those factual allegations included in the Proposed SAC, leave to amend to add those claims would not be denied as futile.**

The R&R further recommends that this court find that Plaintiff's Proposed SAC does not contain sufficient facts to support a plausible claim against Carpenter-Palumbo under the NYSHRL. (R&R at 35, 40, 46-47.) Because no one has objected to this conclusion in the R&R, the court review it for clear error. Finding none, the court adopts this finding in the R&R.

**Accordingly, if Plaintiff seeks leave to further amend her Complaint to add a NYSHRL claim against Carpenter-Palumbo and includes only those factual allegations included in the Proposed SAC, leave to amend would be denied as futile.**

*iii.   NYSHRL Claim Against Gonzalez-Sanchez*

The R&R similarly concludes that Plaintiff's Proposed SAC does not allege sufficient facts to state a plausible claim against Gonzalez-Sanchez under the NYSHRL. (R&R at 35, 40, 46-47.) Plaintiff objects to the R&R's findings on this point:

> I respectfully disagree with the conclusion that Commissioner Gonzalez-Sanchez has not been personally involved with the discrimination and retaliation against me. In addition to the allegations in the Second Amended Complaint, there are new allegations about her recent treatment of me, which I made in a new EEOC charge I filed in January 2017, and there are more since then. I hope I will have an opportunity to add these new allegations against Commissioner Gonzalez-Sanchez to my complaint at a later time.

(Resp. to R&R at 1.) Because Plaintiff's objection is conclusory, it would normally only warrant clear error review. See Pall, 249 F.R.D. at 51. Nonetheless, because Plaintiff is pro se, the court will review the relevant portions of the R&R de novo. Plaintiff's objection is sustained in part and overruled in part: the court finds that the Proposed SAC makes out plausible race discrimination and hostile work environment claims against Gonzalez-Sanchez under the NYSHRL but does not contain sufficient facts to sustain a retaliation claim against Gonzalez-Sanchez.

### 1. Discrimination Claim

To establish a prima facie case for employment discrimination under NYSHRL, "a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination." Soloviev v. Goldstein, 104 F. Supp. 3d 232, 247 (E.D.N.Y. 2015) (internal citation omitted). In order to establish such a claim against an individual defendant, Plaintiff must allege sufficient facts to show that the individual "actually participate[d] in the conduct giving rise to a discrimination claim." See Feingold v. New York, 366 F.3d 138, 157 (2d Cir. 2004) (internal citation omitted). Plaintiff alleges that Gonzalez-Sanchez "removed Plaintiff from her New York City leadership role by replacing her with Ramon Rodriguez (Hispanic) for no fair or objective reason."[9] (SAC ¶ 130.) She further alleges that upon being demoted, Gonzalez-Sanchez sent an email to all staff at OASAS, announcing that Plaintiff had been removed from her position. (Id. ¶ 126.) Plaintiff alleges that the email was "perceived as being unprecedented and racist." (Id. ¶ 127.) The court finds that the proposed SAC, read liberally given Plaintiff's pro se status, establishes a prima facie claim of discrimination against Gonzalez-Sanchez.

**Accordingly, if Plaintiff seeks leave to further amend her Complaint to add a NYSHRL claim against Gonzalez-Sanchez for discrimination and includes those factual allegations included in the Proposed SAC, leave to amend would not be denied as futile.**

### 2. Retaliation Claim

In order to establish a prima facie claim of retaliation, an employee must show "(1) participation in a protected activity known to the defendant; (2) an employment action

---

[9] Rodriguez assumed the position of Director of New York City Operations. (SAC ¶ 125.)

disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." Feingold, 366 F.3d at 156. In order to sufficiently make out her retaliation claim, Plaintiff must show either that Gonzalez-Sanchez had "direct, personal involvement" in the retaliation or that she "aided and abetted" the retaliation at issue. See Zambrano-Lamhaouhi v. N.Y.C. Bd. of Educ., 866 F. Supp. 2d 147, 162-63 (E.D.N.Y. 2011) (citing Feingold, 366 F.3d at 157-58). While Plaintiff has pleaded a series of actions that could be seen as retaliation based on their proximity in time to her EEOC filing (see SAC ¶¶ 136-143), Plaintiff has failed to allege that Gonzalez-Sanchez had any role in these acts. While Plaintiff alleges that Gonzalez-Sanchez demoted her, Plaintiff has not tied this demotion to any protected activity. (See SAC ¶ 130). The Proposed SAC, as written, does not state a plausible claim under the NYSHRL against Gonzalez-Sanchez for retaliation.

**Accordingly, if Plaintiff seeks leave to amend her Complaint to add a NYSHRL claim against Gonzalez-Sanchez for retaliation and includes only those factual allegations included in the Proposed SAC, leave to amend would be denied as futile.**

### 3. Hostile Work Environment

To make out a prima facie claim of hostile work environment under the NYSHRL, a plaintiff "must show that the discriminatory harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and that a specific basis exists for imputing the objectionable conduct to the employer." Tolbert v. Smith, 790 F.3d 427, 439 (2d Cir. 2015) (internal quotation marks and citation omitted).[10] In order to establish a claim against an individual defendant, plaintiffs must show that the

---

[10] While a hostile working environment is typically shown "when the incidents of harassment occur either in concert or with a regularity that can reasonably be termed pervasive," it "can also be established through evidence of a single incident of harassment that is 'extraordinarily severe.'" See Fincher v. Depository Trust and Clearing Corp., 604 F.3d 712, 724 (2d Cir. 2010) (internal citations omitted).

individual "participated in creating a hostile work environment." See Feingold, 366 F.3d at 158. Plaintiff alleges that Gonzalez-Sanchez sent a racist email to all OASAS staff members, announcing that Plaintiff had been removed from her position. (SAC ¶¶ 126, 127.) This allegation, if taken as true, establishes that Gonzalez-Sanchez contributed to creating a hostile work environment.

**Accordingly, if Plaintiff seeks leave to further amend her Complaint to add a hostile work environment against Gonzalez-Sanchez and includes those factual allegations included in the Proposed SAC, leave to amend would not be denied as futile.**

      c.  Section 1983 Claims Against The Individual Defendants In Their Personal Capacities

          *i.  Section 1983 Claim Against DiChristopher and Rodriguez*

             1.  Due Process

Judge Pollak recommends that the court find that the Proposed SAC establishes a plausible due process claim under Section 1983 against DiChristopher and Rodriguez. (R&R at 57.) No party has objected to these portions of the R&R.

The court finds that Plaintiff's Proposed SAC does not state a due process claim against any of the Individual Defendants and therefore respectfully declines to adopt Judge Pollak's recommendation on this point. In order to survive a motion to dismiss, "a due process claim under section 1983 must allege the deprivation of a constitutionally protected interest." Abramson v. Pataki, 278 F.3d 93, 99 (2d Cir. 2002).

> In order to have an interest protectable under the Constitution, a person must have a legitimate claim of entitlement to it. . . . An abstract need, desire or unilateral expectation is not enough. . . . Employees at will have no protectable property interest in their continued employment. . . . But a protectable property interest may arise in a situation where an employee may be removed only for cause. . . . Indeed, in this circuit, a person may possess a protected interest in public employment if contractual or statutory provisions

guarantee continued employment absent 'sufficient cause' for discharge or he can prove a <u>de facto</u> system of tenure.

<u>Id.</u> (internal citations omitted). Plaintiff has failed to allege any property interest in her position and therefore has not made out a prima facie due process claim.

**Accordingly, if Plaintiff seeks leave to further amend her Complaint to add a due process claim against the Individual Defendants pursuant to Section 1983 and includes only those factual allegations included in the Proposed SAC, leave to amend would be denied as futile.**

### 2. First Amendment Retaliation Claim

Judge Pollak further recommends that the court find that Plaintiff's Proposed SAC establishes plausible retaliation claims under Section 1983 against DiChristopher and Rodriguez. (R&R at 57-58.) No party has objected to these portions of the R&R; therefore, the court reviews this portion of the R&R for clear error. Finding none, the court adopts this portion of the R&R.

**Accordingly, if Plaintiff seeks leave to further amend her Complaint to add a First Amendment retaliation claim against DiChristopher and Rodriguez pursuant to Section 1983 and includes those factual allegations included in the Proposed SAC, leave to amend would not be denied as futile.**

### 3. Equal Protection

Judge Pollak further recommends that the court find that Plaintiff's Proposed SAC establishes plausible equal protection claims under Section 1983 against DiChristopher and Rodriguez. (R&R at 57-58.) No party has objected to these portions of the R&R; therefore, the court reviews this portion of the R&R for clear error. Finding none, the court adopts this portion of the R&R.

Accordingly, if Plaintiff seeks leave to further amend her Complaint to add an equal protection claim against DiChristopher and Rodriguez pursuant to Section 1983, and includes those factual allegations included in the Proposed SAC, leave to amend would not be denied as futile.

ii.    *Section 1983 Claim Against Carpenter-Palumbo*

Judge Pollak further recommends that the court find that the Proposed SAC fails to allege sufficient facts to show that Carpenter-Palumbo was "personally involved" in the alleged constitutional violations that occurred in this case (R&R at 56), as required to sustain a Section 1983 claim against an individual defendant. See Raspardo v. Carlone, 770 F.3d 97, 115 (2d Cir. 2014) ("If a defendant has not personally violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against the defendant."). Because no party has objected to this conclusion in the R&R, the court review it for clear error. Finding none, the court adopts this portion of the R&R.

Accordingly, if Plaintiff seeks leave to further amend her Complaint to add a Section 1983 claim against Carpenter-Palumbo and includes only those factual allegations included in the Proposed SAC, leave to amend would be denied as futile.

iii.    *Section 1983 Claim Against Gonzalez-Sanchez*

Judge Pollak similarly recommends that the court find that the Proposed SAC fails to allege sufficient facts to show that Gonzalez-Sanchez was "personally involved" in the alleged constitutional deprivations at issue here. (R&R at 56.) Plaintiff objects to the "conclusion that Commissioner Gonzalez-Sanchez has not been personally involved with the discrimination and retaliation against [Plaintiff]." (Resp. to R&R at 1.) Because Plaintiff's objection is conclusory, it would normally only warrant clear error review. See Pall, 249 F.R.D. at 51. Nonetheless, because Plaintiff is proceeding pro se, the court reviews the relevant portions of the R&R de

novo. Plaintiff's objection is sustained in part and overruled in part: the court finds that the Proposed SAC does not state a prima facie due process or retaliation claim under Section 1983 but does make out a plausible equal protection claim against Gonzalez-Sanchez.

### 1. Due Process

For the reasons stated supra in Section III.B.2.c.i.1, the court finds that Plaintiff's Proposed SAC does not state a due process violation as to any of the Individual Defendants.

**Accordingly, if Plaintiff seeks leave to further amend her Complaint to add a due process claim against the Individual Defendants pursuant to Section 1983 and includes only those factual allegations included in the Proposed SAC, leave to amend would be denied as futile.**

### 2. First Amendment Retaliation Claim

The court finds that the factual allegations in Plaintiff's Proposed SAC fail to establish that Gonzalez-Sanchez retaliated against Plaintiff because Plaintiff exercised her First Amendment rights. Specifically, Plaintiff has not established that a "causal connection" exists between her speech—e.g., Plaintiff's complaints about discriminatory conduct towards her—and Gonzalez-Sanchez's demotion of Plaintiff. See Diesel v. Town of Lewisboro, 232 F.3d 92, 107 (2d Cir. 2000) (holding that a plaintiff must establish that "there was a causal connection between the protected speech and the adverse employment action").

**Accordingly, if Plaintiff seeks leave to further amend her Complaint to add a First Amendment retaliation claim against Gonzalez-Sanchez pursuant to Section 1983 and includes only those factual allegations included in the Proposed SAC, leave to amend would be denied as futile.**

### 3. Equal Protection

The court finds that Plaintiff's Proposed SAC establishes a prima facie equal protection claim against Gonzalez-Sanchez. To establish a prima facie equal protection claim, a plaintiff must demonstrate "(1) that he belonged to a protected class; (2) that he was qualified for the position he held; (3) that he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." Sassaman v. Gamache, 566 F.3d 307, 312 (2d Cir. 2009) (outlining elements of Title VII claim); see Feingold, 366 F.3d at 159 (holding where "color of state law is established, an equal protection claim "parallels [a] Title VII [employment discrimination] claim"). Plaintiff alleges that Gonzalez-Sanchez "removed Plaintiff from her New York City leadership role by replacing her with Ramon Rodriguez (Hispanic) for no fair or objective reason." (SAC ¶ 130.) She further alleges that, upon being demoted, Gonzalez-Sanchez sent a racist email to all staff at OASAS, announcing that Plaintiff had been removed from her position. (Id. ¶ 126.) The court finds that the Proposed SAC, read liberally given Plaintiff's pro se status, establishes a prima facie equal protection claim against Gonzalez-Sanchez under Section 1983.[11]

**Accordingly, if Plaintiff seeks leave to further amend her Complaint to add an equal protection claim against Gonzalez-Sanchez pursuant to Section 1983 and includes those factual allegations included in the Proposed SAC, leave to amend would not be denied as futile.**

---

[11] Read liberally, the Proposed SAC establishes that the deprivations she alleges were under "color of state law" because Gonzalez-Sanchez was acting in her role as Commissioner of OASAS when she demoted Plaintiff. See Feingold, 366 F.3d at 159.

### 3. Statute of Limitations

Judge Pollak recommends that Defendants' Motion to Dismiss the Title VII claims as barred by the 300-day filing period "be denied due to disputed issues of fact concerning whether the discrimination, hostile work environment, and retaliation alleged constitute a continuing violation." (R&R at 68.) No party has objected to this portion of the R&R, and the time to do so has passed. Finding no clear error, the court adopts this portion of the R&R.

**Accordingly, Defendants' motion to dismiss the Title VII claims as time-barred is denied.**

## IV. CONCLUSION

For the foregoing reasons, the court SUSTAINS IN PART and OVERRULES IN PART Plaintiff's objections and ADOPTS IN PART the R&R. Defendants' Motion to Dismiss (Dkt. 52) is GRANTED IN PART and DENIED IN PART. Plaintiff's Motion to Amend (Dkt. 42) is DENIED WITHOUT PREJUDICE. Plaintiff is GRANTED one final opportunity file a revised proposed Second Amended Complaint. Plaintiff's deadline to file a revised proposed Second Amended Complaint is May 15, 2017.

The Clerk of Court is respectfully DIRECTED to mail a copy of this Memorandum & Order to Plaintiff.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      March 3/ , 2017

NICHOLAS G. GARAUFIS
United States District Judge