UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LUREEN MCNEIL,

                Plaintiff,

            -against-
                                                      **MEMORANDUM AND ORDER**
NEW YORK STATE OFFICE OF                  14 CV 2379 (NGG) (CLP)
ALCOHOLISM AND SUBSTANCE ABUSE
SERVICES, *et al.*,

                Defendants.
------------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

On April 11, 2014, plaintiff Lureen McNeil, proceeding pro se, commenced this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, against defendants New York State Office of Alcoholism & Substance Abuse Services ("OASAS"), Commissioner Arlene Gonzalez-Sanchez, individually and in her official capacity, and former Commissioner Karen Carpenter-Palumbo, individually and in her official capacity (collectively, "defendants"), alleging that defendants discriminated against her on the basis of her race. Currently pending before this Court is a dispute as to defendants' request to re-open Ms. McNeil's deposition for an additional four hours.

## DISCUSSION

Defendants conducted Ms. McNeil's deposition on January 30, 2019. (2/5/19 Defs.' Ltr).[1] Defendants deposed Ms. McNeil for seven hours. (Id.) On February 5, 2019, defendants moved to re-open plaintiff's deposition, arguing that defendants should be allowed to depose Ms. McNeil for an additional seven hours because "of the multitude of claims and issues raised in

---

[1] Citations to "2/5/19 Defs.' Ltr" refer to defendants' letter filed on February 5, 2019, ECF No. 145.

Plaintiff's 37-page, 192-paragraph complaint." (4/10/19 Order[2] at 1 (citing 2/5/19 Defs.' Ltr. at 1)). In its April 10, 2019 Order, this Court denied defendants' motion to re-open the deposition, noting that "while the defendants did provide the Court with the transcript of plaintiff's deposition, they have not identified a single page on which their inquiry was blocked due to plaintiff's responses" and finding that during the deposition "Ms. McNeil was cooperative and answered the questions presented to her" and that "numerous pages of the transcript reflect that much time was wasted on questions that might better have been spent on the topics defendants now argue were not sufficiently addressed." (Id. at 1-2). The Court found there was insufficient good cause to re-open the deposition for an additional seven hours, but that given that plaintiff had brought a notebook to the deposition that had not previously been produced to defendants, the Court Ordered plaintiff to provide defendants with a copy of the notebook and allowed defendants to re-open plaintiff's deposition for one hour, solely for the purpose of questioning plaintiff about the notebook's contents. (Id. at 6).

On April 11, 2019, this Court held a status conference, during which time defendants sought to have the Court re-consider its April 10, 2019 Order denying defendants' request for an additional seven hours to depose the plaintiff. The Court directed defendants to file a letter setting forth the specific deposition topics defendants intended to cover if permitted to re-open plaintiff's deposition. (See Hrg. Tr.).[3]

Defendants now state that they seek to re-open plaintiff's deposition in order to question plaintiff about multiple topics, including: plaintiff's allegations that her removal from the Access to Recovery ("ATR") grant and from her position as Director was "discriminatory and

---

[2] Citations to "4/10/19 Order" refer to the Order of this Court, dated April 10, 2019, ECF No. 155.
[3] Citations to "Hrg. Tr." refer to the transcript of proceedings held before this Court on April 10, 2019, ECF No. 157.

2

retaliatory;" plaintiff's management of the ATR grant; plaintiff's "enrollment of her family members in ATR services," including questioning plaintiff about specific emails, specific OASAS policies, a transcript of a prior interview with plaintiff, investigation reports, and plaintiff's performance evaluations. (Defs.' 4/18/19 Ltr at 1).[4] Defendants additionally seek to question plaintiff about "her applications and qualifications for [specific] positions, OASAS's evaluation of her work performance and written communications (including emails) that plaintiff had regarding these positions, and the basis for her belief that OASAS acted for discriminatory or retaliatory motives." (Id. at 2). Defendants further state that plaintiff has alleged that "she was assigned to a subpar office, her staff were removed, her job responsibilities were diminished, she was excluded from various initiatives and meetings, and she was subjected to hostility by her coworkers and supervisors" and that defendants "need to ask her about these incidents, the witnesses to them, and the basis for her belief that they were based on a discriminatory or retaliatory motive." (Id.)

Rule 30 of the Federal Rules of Civil Procedure limits a deposition to seven hours unless otherwise stipulated or ordered by the Court. The Court "must allow additional time . . . if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). The party moving to re-open a deposition must make a showing of good cause. Carmody v. Village of Rockville Ctr., No. 05 CV 4907, 2007 WL 2177064, at *2 (E.D.N.Y. July 27, 2007). The determination "of whether good cause exists is fact specific." Id. Rule 26(b)(2)(C), referenced in Rule 30, "requires a court to restrict discovery if "the discovery sought is unreasonably cumulative or duplicative," if "the party seeking discovery has had ample opportunity to obtain the

---

[4] Citations to "Defs.' 4/18/19 Ltr" refer to defendants' letter, dated April 18, 2019, ECF No. 158.

3

information" sought, or "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.'" Arista Records LLC v. Lime Grp. LLC, No. 06 CV 5936, 2008 WL 1752254, at *1 (S.D.N.Y. Apr. 16, 2008) (citing Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii)).

This Court previously examined the standards for granting motions to re-open depositions within this circuit and found that no good cause had been shown to re-open Ms. McNeil's deposition in this instance. (See 4/10/19 Order at 4 (noting that defendants "deposed Ms. McNeil for seven hours and questioned her about many topics, including about specific documents, about plaintiffs' allegations, about her job duties and about her complaints filed with the Equal Employment Opportunity Commission")). This Court further previously found that during her deposition, Ms. McNeil was cooperative and answered the questions presented to her, and that numerous pages of the transcript reflected that much time was wasted on questions that might better have been spent on the topics defendants now argue were not sufficiently addressed. One such example was that defendants' "counsel . . . spent multiple pages of the deposition inquiring as to whether plaintiff believed individual employees of the New York State Office of Alcoholism and Substance Abuse Services "were racist," rather than inquiring as to plaintiff's specific allegations of discrimination, or inquiring as to any of the other topics which defendants now claim they were unable to cover in the seven hours. (Id. at 5 (citing McNeil Tr.[5] at 105, 115, 116)).

The Court also previously noted that "[m]any of defendants' questions were also broad in scope, requiring lengthy answers from plaintiff." (Id. (citing Arista Records LLC v. Lime Grp.

---

[5] Citations to "McNeil Tr." refer to the transcript of the deposition of plaintiff Lureen McNeil, dated January 30, 2019.

4

LLC, 2008 WL 1752254, at *2 (stating that "questioners are responsible for prioritizing the topics examined and asking questions that are sufficiently clear, precise, and non-cumulative to move the deposition along efficiently")).

Having reviewed defendants' renewed request to re-open Ms. McNeil's deposition, the Court's perspective has not changed. The list of the significant number of topics defendants now wish to cover with Ms. McNeil only serves to underscore how unfortunate it is that counsel previously wasted deposition time on questions that were imprecise and unhelpful. Given that defendants had the opportunity to depose plaintiff for seven hours and that during that deposition she was cooperative and answered the questions asked of her, and absent further extenuating circumstances necessitating the re-opening plaintiff's deposition, the Court finds there is insufficient good cause to re-open the deposition for an additional four hours. The Court will allow defendants to re-open Ms. McNeil's deposition for an additional two hours, inclusive of the one additional hour previously granted for questions about Ms. McNeil's notebook. In conducting this second deposition, counsel is directed to get to the heart of the matter and not waste time on further unnecessary questions.

## CONCLUSION

In light of the above, the Court Orders that defendants' request to depose Ms. McNeil for an additional four hours is denied, but that defendants may depose Ms. McNeil for two additional hours.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
June 27, 2019

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York